**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | | |
|---|---|---|
| WAYNE LOY DINES, | ) | NO. ED CV 16-2629-E |
| Plaintiff, | ) | |
| v. | ) | **MEMORANDUM OPINION** |
| NANCY A. BERRYHILL, Acting Commissioner of Social Security, | ) | **AND ORDER OF REMAND** |
| Defendant. | ) | |

Pursuant to sentence four of 42 U.S.C. section 405(g), IT IS HEREBY ORDERED that Plaintiff's and Defendant's motions for summary judgment are denied, and this matter is remanded for further administrative action consistent with this Opinion.

**PROCEEDINGS**

Plaintiff filed a Complaint on December 27, 2016, seeking review of the Commissioner's denial of disability benefits. The parties filed a consent to proceed before a United States Magistrate Judge on February 1, 2017.

Plaintiff filed a motion for summary judgment on August 17, 2017. Defendant filed a motion for summary judgment on September 18, 2017. The Court has taken both motions under submission without oral argument. See L.R. 7-15; "Order," filed January 5, 2017.

**BACKGROUND**

Plaintiff asserts disability based on alleged physical and mental impairments (Administrative Record ("A.R.") 48-56, 143-50, 164, 200). Most of the alleged physical impairments involve Plaintiff's lumbar spine (A.R. 48). An MRI of Plaintiff's lumbar spine in March of 2014 revealed several disc bulges and, at various points and to various degrees, narrowing of the lateral recesses, "displacement and abutment" of the nerve roots, and "neural foraminal narrowing" (A.R. 285-87). Medical examination and testing revealed "very decreased" range of motion, paralumbar tenderness, spasm, positive straight leg testing, positive Lasegue's and "extremely antalgic gait" (A.R. 277, 279, 281-82, 288).

A non-examining state agency review physician looked at some of the medical records and opined Plaintiff has no severe physical impairment (A.R. 78). However, this physician did not review all the medical evidence of record, and specifically did not review the MRI of Plaintiff's lumbar spine (A.R. 34, 78, 285-89). No other doctor reviewed Plaintiff's medical test results or rendered any opinion concerning the nature or severity of Plaintiff's back impairment or the impact of the impairment on Plaintiff's exertional capacity.
///

The Administrative Law Judge ("ALJ") rejected the opinion of the non-examining state agency review physician and found Plaintiff's back problems to be severe (A.R. 29, 34). In the absence of any supporting medical opinion, however, the ALJ also found that Plaintiff's back impairment is not sufficiently severe to interfere in any way with Plaintiff's ability to perform all the exertional requirements of light work (A.R. 32).

The ALJ denied benefits (A.R. 29-38). The Appeals Council denied review (A.R. 1-3).

**STANDARD OF REVIEW**

Under 42 U.S.C. section 405(g), this Court reviews the Administration's decision to determine if: (1) the Administration's findings are supported by substantial evidence; and (2) the Administration used correct legal standards. See Carmickle v. Commissioner, 533 F.3d 1155, 1159 (9th Cir. 2008); Hoopai v. Astrue, 499 F.3d 1071, 1074 (9th Cir. 2007). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Richardson v. Perales, 402 U.S. 389, 401 (1971) (citation and quotations omitted); see Widmark v. Barnhart, 454 F.3d 1063, 1067 (9th Cir. 2006).

> If the evidence can support either outcome, the court may not substitute its judgment for that of the ALJ. But the Commissioner's decision cannot be affirmed simply by isolating a specific quantum of supporting evidence.

>              Rather, a court must consider the record as a whole,
>         weighing both evidence that supports and evidence that
>         detracts from the [administrative] conclusion.

Tackett v. Apfel, 180 F.3d 1094, 1098 (9th Cir. 1999) (citations and quotations omitted).

**DISCUSSION**

No assessment by a treating or examining physician supports the ALJ's finding that Plaintiff can perform all the exertional requirements of light work notwithstanding his severe back impairment. Instead, the ALJ appears to have relied on his own lay review and interpretation of the MRI and other medical test results to define Plaintiff's exertional capacity. Absent expert medical assistance, the ALJ could not competently translate the medical evidence in this case into a physical residual functional capacity assessment. See Tackett v. Apfel, 180 F.3d at 1102-03 (ALJ's residual functional capacity assessment cannot stand in the absence of evidentiary support); Rohan v. Chater, 98 F.3d 966, 970 (7th Cir. 1996) ("ALJs must not succumb to the temptation to play doctor and make their own independent medical findings"); Day v. Weinberger, 522 F.2d 1154, 1156 (9th Cir. 1975) (an ALJ is forbidden from making his or her own medical assessment beyond that demonstrated by the record). Rather than adopting his own lay assessment of Plaintiff's limitations, the ALJ should have ordered an examination and evaluation of Plaintiff by a consultative neurologist, orthopedist or other relevant specialist. See id.; see also Reed v. Massanari, 270 F.3d 838, 843 (9th Cir. 2001)

(where available medical evidence is insufficient to determine the severity of the claimant's impairment, the ALJ should order a consultative examination by a specialist); accord, Kish v. Colvin, 552 Fed. App'x 650 (2014); see generally Mayes v. Massanari, 276 F.3d 453, 459-60 (9th Cir. 2001) (ALJ's duty to develop the record further is triggered "when there is ambiguous evidence or when the record is inadequate to allow for the proper evaluation of the evidence") (citation omitted); Brown v. Heckler, 713 F.2d 441, 443 (9th Cir. 1983) ("[T]he ALJ has a special duty to fully and fairly develop the record to assure the claimant's interests are considered. This duty exists even when the claimant is represented by counsel.").

In attempting to defend the ALJ's physical residual functional capacity assessment, Defendant cites, inter alia, Stubbs-Danielson v. Astrue, 539 F.3d 1169, 1174 (9th Cir. 2008) ("Stubbs"). In Stubbs, the ALJ translated a mental impairment into a concrete functional restriction recommended by one of the physicians of record. The present case is unlike Stubbs. In the present case, no physician of record (other than perhaps the non-examining physician whose opinion the ALJ rejected) offered any opinion or recommendation regarding the functional restrictions that should attend Plaintiff's physical impairment.

Defendant appears to argue that the Court should affirm the ALJ's physical residual functional capacity assessment because the record contains no opinion from a physician that there exist greater functional limitations than those the ALJ found to exist (Defendant's Motion at 7-8). Contrary to Defendant's apparent argument, the

absence of competent medical opinion interpreting the MRI and other medical testing does not itself constitute substantial evidence supporting the ALJ's decision. To the contrary, the absence of competent medical opinion is the very reason why substantial evidence does not support the ALJ's decision.

The Court is unable to deem the error in the present case to have been harmless. See Treichler v. Commissioner, 775 F.3d 1090, 1105 (9th Cir. 2014) ("Where, as in this case, an ALJ makes a legal error, but the record is uncertain and ambiguous, the proper approach is to remand the case to the agency"); see also Molina v. Astrue, 674 F.3d 1104, 1115 (9th Cir. 2012) (an error "is harmless where it is inconsequential to the ultimate non-disability determination") (citations and quotations omitted); McLeod v. Astrue, 640 F.3d 881, 887 (9th Cir. 2011) (error not harmless where "the reviewing court can determine from the 'circumstances of the case' that further administrative review is needed to determine whether there was prejudice from the error").

Remand is appropriate because the circumstances of this case suggest that further administrative review could remedy the error discussed herein. McLeod v. Astrue, 640 F.3d at 888; see also INS v. Ventura, 537 U.S. 12, 16 (2002) (upon reversal of an administrative determination, the proper course is remand for additional agency investigation or explanation, except in rare circumstances); Dominguez v. Colvin, 808 F.3d 403, 407 (9th Cir. 2015) ("Unless the district court concludes that further administrative proceedings would serve no useful purpose, it may not remand with a direction to provide

benefits"); Treichler v. Commissioner, 775 F.3d at 1101 n.5 (remand for further administrative proceedings is the proper remedy "in all but the rarest cases"); Harman v. Apfel, 211 F.3d 1172, 1180-81 (9th Cir.), cert. denied, 531 U.S. 1038 (2000) (remand for further proceedings rather than for the immediate payment of benefits is appropriate where there are "sufficient unanswered questions in the record"). There remain significant unanswered questions in the present record.

**CONCLUSION**

For all of the foregoing reasons,[1] Plaintiff's and Defendant's motions for summary judgment are denied and this matter is remanded for further administrative action consistent with this Opinion.

LET JUDGMENT BE ENTERED ACCORDINGLY.


DATED: September 27, 2017.



                                    /s/
                            CHARLES F. EICK
                       UNITED STATES MAGISTRATE JUDGE

---

[1] The Court has not reached any other issue raised by Plaintiff except insofar as to determine that reversal with a directive for the immediate payment of benefits would not be appropriate at this time. "[E]valuation of the record as a whole creates serious doubt that [Plaintiff] is in fact disabled." Garrison v. Colvin, 759 F.3d 995, 1021 (9th Cir. 2014).